# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KLENE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>K. HARRINGTON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-02246 GSA PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED<br><br>RESPONSE DUE IN THIRTY DAYS<br><br>ECF No. 1) |

**Screening Order**

**I.       Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

This action proceeds on the May 17, 2010, first amended complaint.[1] The events at issue in this action occurred at Kern Valley State Prison (KVSP), where Plaintiff was housed at the time of the events complained of. Plaintiff, currently housed at Salinas Valley State Prison, names as defendants the following individuals employed by the California Department of Corrections and Rehabilitation at KVSP: Sergeant Doria; Correctional Officer (C/O) Amador; Lieutenant Hamlin; Captain Soto; Warden Harrington.

Plaintiff's claims stem from a disciplinary violation he was convicted of. In his amended complaint, Plaintiff alleges that he was wrongfully convicted of refusing to answer a question, in violation of his Fifth Amendment right against self-incrimination. On March 31, 2008, Defendant Amador issued a direct order to Plaintiff to exit his cell and enter the staff office in order to be interviewed "pertaining to a current modified program." Plaintiff alleges that he exercised his right to remain silent. (Compl. ¶ 2.) Plaintiff alleges that Amador "stated plaintiff would be retaliated against (via rules violation report) if he attempted to enforce his fifth amendment right." (Compl.

---

[1] This case was initiated by the filing of the original complaint on December 19, 2009. The Court has not screened the original complaint. Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff may file an amended complaint once, as a matter of right, so long as a responsive pleading has not been filed. No defendant has been served, and no defendant has entered an appearance. This case therefore proceeds on the May 17, 2010, first amended complaint.

¶ 3.)

Plaintiff told Amador that he was willing to exit his cell, but he would not answer any questions "pertaining to the modified program." Plaintiff told Amador that as he had nothing to say, "there would be no point to continue." Plaintiff alleges that inmates are often interviewed regarding modified program issues in order to gain information regarding criminal matters. (Compl. ¶ 4.) Plaintiff alleges that "to force plaintiff to still go into the office is merely an attempt to isolate him, and subject him to a police dominated atmosphere where he's surrounded by correctional officers, with the intent to pressure plaintiff into talking." (Compl. ¶ 8.) Plaintiff contends that a tactic used by correctional officers is to threaten inmates with leaving them in the office for long periods of time "so your friends will think you're snitching." (Compl. ¶ 9.)

Defendant Sgt. Doria ordered Amador to assist her in conducting inmate interviews, and that Doria made these interviews mandatory, "regardless of any fifth amendment right invoked by plaintiff." Plaintiff alleges that the interviews were contrary to CDCR and Kern Valley State Prison policy. Plaintiff alleges that Sgt. Doria "issued a direct order to interview with the threat of retaliation if he declined." (Compl. ¶ 14.)

Defendant Lt. Hamlin presided at the hearing on Plaintiff's rules violation, and found Plaintiff guilty of refusing a direct order. Plaintiff advised Lt. Hamlin that "I informed Amador I would exit my cell but would not go to the office for interview." Hamlin stated that "this is not what Officer Amador ordered Klene to do. Telling the officer he would do part of what he was instructed is not obeying orders." (Compl. ¶ 19.) Plaintiff alleges that he tried to comply with the direct order when he told Amador he would step out of his cell, but still "invoked his right to stop the interview immediately." (Compl. ¶ 22.)

Plaintiff seeks to hold Defendants liable for finding him guilty of refusing to interview. Plaintiff lost credits and privileges as a result. Plaintiff contends that he was found guilty in contravention of CDCR and KVSP policy that punitive measures will not be taken if an inmate refuses to participate in an interview.

     In <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

     Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. Assuming as true Plaintiff's allegation that he was convicted for refusal to answer questions, Plaintiff's claim implies that his conviction was invalid. Plaintiff's core factual allegation is that he was convicted in violation of the Fifth Amendment. Because Plaintiff's claim necessarily implies the invalidity of his continued confinement as a result of his disciplinary hearing, his claim will not accrue until the conviction or sentence has been invalidated. Plaintiff alleges no facts indicating that his conviction has been reversed, expunged, or otherwise invalidated.

     It is unclear from the allegations what, exactly, Plaintiff was convicted of. Although Plaintiff alleges that he was punished for refusal to answer questions, he indicates that he was punished for refusing an order to attend the interview. Further, a review of the exhibits submitted by Plaintiff indicate that Plaintiff was charged with, and found guilty of, refusing a direct order. Plaintiff

4

1  attaches as an exhibit to the complaint a copy of CDC Form 115, log no. FB-08-03-111 (RVR).[2]
2  Page 2 of the RVR indicates that Plaintiff was found guilty based upon his refusal to exit his cell and
3  participate in the interview process.  That Plaintiff complied with the order to exit his cell and
4  advised Amador that he would not answer questions does not excuse him from the obligation to
5  attend the interview.   Plaintiff was ordered to attend the interview.  That Plaintiff believed such an
6  exercise to be futile because he would not answer questions does not excuse him from the obligation
7  to obey the order to attend the interview.  There is no indication in the RVR that Plaintiff was found
8  guilty of refusing to answer a question.

### III.     Conclusion and Order

Plaintiff's allegation that he was found guilty of refusing to answer a question is contradicted by his own exhibits indicating that he was found guilty of refusing a direct order to attend the interview.  Further, assuming that Plaintiff was found guilty in violation of the Fifth Amendment, Plaintiff has not alleged any facts suggesting that his conviction has been reversed, expunged or otherwise invalidated.

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed for failure to state a claim upon which relief could be granted.  Plaintiff's failure to respond to this order to show cause will result in dismissal of this action for failure to state a claim upon which relief could be granted.

IT IS SO ORDERED.

Dated:   November 8, 2011                          /s/ Gary S. Austin
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).